UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA D. CRUZ,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No.:  20-cv-1591-BLM<br><br>**ORDER GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION TO REVERSE AND REMAND**<br><br>[ECF No. 16] |

Plaintiff Maria D. Cruz ("Plaintiff") brought this action for judicial review of the Social Security Commissioner's ("Defendant" or "Commissioner") denial of her claim for disability insurance benefits. See ECF No. 1. Before the Court are Plaintiff's Merits Brief [ECF No. 16] and Defendant's Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment. ECF No. 17. After careful consideration of the pleadings and supporting documents, the Court **DENIES** Plaintiff's request to reverse the ALJ's decision and **GRANTS** Defendant's cross-motion for summary judgment.

**PROCEDURAL BACKGROUND**

Plaintiff filed an application for a period of disability and disability insurance benefits on February 20, 2018, alleging disability commencing October 12, 2017. Administrative Record ("AR") at 54-55.  The claim was denied initially on May 1, 2018 [id. at 83-87], resulting in

Plaintiff's request for reconsideration on June 5, 2018. Id. at 88-90, 92. Plaintiff's request for reconsideration was denied on August 3, 2018. Id. at 93-97. On September 17, 2018, Plaintiff requested a hearing before an Administrative Law Judge [id. at 99-100], which was held on August 13, 2019. Id. at 118-40. On October 21, 2019, the ALJ issued a written order finding Plaintiff was not disabled because she can perform her past relevant work as a companion. Id. at 31. Plaintiff requested that the Appeals Council review the ALJ's decision on October 31, 2019. Id. at 151-52. The Appeals Council denied the request for review on June 19, 2020. Id. at 7-12. That same day, the ALJ's decision became the final decision of the Commissioner. Id. at 7-10.

## ALJ's DECISION

Initially, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the relevant time period (since October 12, 2017). Id. at 23. At step two, he considered all of Plaintiff's medical impairments and determined that the following impairments were "severe" as defined in the regulations: "non-specific myalgia/myositis/arthralgia, migraine headaches, borderline obesity (20 CFR 404.1520(c))." Id. At step three, the ALJ found that Plaintiff's medically determinable impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments. Id. at 25. At step four, the ALJ considered Plaintiff's severe impairments and determined that her residual functional capacity ("RFC") permitted her

> to lift up to 50 pounds occasionally and 25 pounds frequently, stand/walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday, occasionally climb stairs/ramps, never climbing ladders, ropes, scaffolding, and should avoid concentrated exposure to extreme cold, unprotected heights, and moving and dangerous machinery.

Id. at 25. The ALJ presented two hypotheticals to the Vocational Expert ("VE") who opined that a person with the identified limitations could perform Plaintiff's past relevant work. Id. at 50-51. The ALJ determined that Plaintiff's RFC permitted her to perform "past relevant work as a companion." Id. at 31.

## STANDARD OF REVIEW

Section 405(g) of the Social Security Act permits unsuccessful applicants to seek judicial review of the Commissioner's final decision. 42 U.S.C. § 405(g). The scope of judicial review is limited in that a denial of benefits will not be disturbed if it is supported by substantial evidence and contains no legal error. Id.; see also Miner v. Berryhill, 722 Fed. Appx. 632, 633 (9th Cir. 2018) (We review the district court's decision de novo, disturbing the denial of benefits only if the decision "contains legal error or is not supported by substantial evidence.") (quoting Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

Substantial evidence is "more than a mere scintilla but may be less than a preponderance." Ahearn v. Saul, 988 F.3d 1111, 1115 (9th Cir. 2021) (quoting Molina v. Astrue, 674 F.3d 1104, 1110–11 (9th Cir. 2012) (quotation marks and citations omitted), *superseded by regulation on other grounds*. It is relevant evidence that a reasonable person might accept as adequate to support a conclusion after considering the entire record. Id.; see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019). "In determining whether the Commissioner's findings are supported by substantial evidence, [the court] must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the [ALJ's] conclusion." Laursen v. Barnhart, 127 Fed. Appx. 311, 312 (9th Cir. 2005) (quoting Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). Where the evidence can reasonably be construed to support more than one rational interpretation, the court must uphold the ALJ's decision. See Ahearn, 988 F.3d at 1115 (citing Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001)). This includes deferring to the ALJ's credibility determinations and resolutions of evidentiary conflicts. See Tanielu v. Saul, 839 Fed. Appx. 193, 194 (9th Cir. 2021) (citing Ahearn, 988 F.3d at 1115 ("[t]he ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities," and "we reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole")).

Even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. See Miner, 722 Fed. Appx. at

633. Section 405(g) permits a court to enter judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administration for further proceedings. Id.

# DISCUSSION

**I.    Mental Impairment**

Plaintiff argues that the ALJ erred when he found that Plaintiff did not have a severe mental impairment. ECF No. 16 at 8. Plaintiff contends that the ALJ failed to "explain in a rational and logical manner how [Plaintiff's symptoms] and manifestations of mental dysfunction were either (1) non-severe or (2) compatible with performing semi-skilled work as a companion." Id. at 9. Plaintiff also argues that "[e]ven if the impairment is non-severe, the ALJ must consider the impact of that impairment along with the other severe impairments or combination of impairments." Id. at 9 (citing Hutton v. Astrue, 491 F. Appx 850, 851 (9th Cir. 2012)).

Defendant argues "the ALJ properly found that Plaintiff's anxiety and depression were not severe" and that the evidence "Plaintiff submitted failed to establish any more than minimal limitations in Plaintiff's ability to perform basic work activities." ECF No. 17 at 4-5. In support, Defendant contends that the medical evidence relating to Plaintiff's cognitive and social functioning failed to establish significant deficits, that Plaintiff demonstrated mental capabilities at the August 13, 2019 hearing undermining her claim of significant deficits in mental function, and that Plaintiff "engaged in a significant range of activities of daily living that also undermined" any claim of mental limitations. Id. at 5-6 (citing AR at 24, 28, see e.g., 210-12). Defendant concludes that the ALJ properly considered all of the evidence and there is substantial evidence supporting the ALJ's findings. Id. at 9.

   A.    Relevant Law

An ALJ must consider the limiting effect of all impairments, including those that are non-severe, in assessing a claimant's RFC. See 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2); see also Laborin v. Berryhill, 867 F.3d 1151, 1153 (9th Cir. 2017) ("The ALJ assesses a claimant's RFC 'based on all the relevant evidence in [the] case record."); Khal v. Berryhill, 690 Fed.Appx. 499, 502 (9th Cir. 2017) (same). However, an ALJ is not required to include limitations in the RFC if

the record supports a conclusion that the non-severe impairment does not cause a significant limitation in the claimant's ability to work. Koshak v. Berryhill, 2018 WL 4519936, at *8 (C.D. Cal. Sept. 19, 2018); Banks v. Berryhill, 2018 WL 163127, at *4 (C.D. Cal. Apr. 2, 2018) (same). So long as the ALJ "actually reviews the record and specifies reasons supported by substantial evidence for not including the non-severe impairment [in the RFC determination], the ALJ has not committed legal error." Medlock v. Colvin, No. CV 15-9606-KK, 2016 WL 6137399, at *5 (C.D. Cal. Oct. 20, 2016); see also Kendall, 2021 WL 73628, at *13 (E.D. Cal. Feb. 25, 2021) (same); McIntosh v. Berryhill, 2018 WL 3218105, at *4 (C.D. Cal. June 29, 2018) (because the ALJ concluded that a mental impairment caused no more than minimal restrictions, there was no requirement to include it in the claimant's RFC).

B.   Analysis

Initially, contrary to Plaintiff's arguments, the ALJ carefully explained how he determined that Plaintiff's "medically determinable mental impairments of depression/anxiety" were non-severe. AR at 24. The ALJ identified and considered the "four broad functional areas . . . known as the 'paragraph B' criteria." Id. With regard to each criterion, the ALJ discussed the relevant evidence and how the evidence impacted his assessment. Id. at 24-25. As a result, the ALJ applied the correct legal standard and did not err in this regard.

Second, there is substantial evidence supporting the ALJ's determination that Plaintiff's mental impairments were non-severe. For each criterion, the ALJ identified the evidence—observations about Plaintiff, information provided by Plaintiff, medical records, and medical opinions—that was relevant to the criterion and explained why the evidence resulted in the stated limitation. AR 21-31; see also ECF No. 17 at 2-5. For example, in determining that Plaintiff had no limitation in the first functional area of "understanding, remember or applying information," the ALJ considered Plaintiff's conduct during the hearing [AR 24], a March 19, 2018 Functional Report [id. at 208-216], a February 2018 neurological exam performed by William Chapman, M.D. that returned unremarkable results [id. at 310-11], a March 2018 exam performed by Kelley DeLeeuw, M.D. that found no distress, cooperative behavior, goal directed thought processes, no hallucinations, and no focal neurological symptoms [id. at 373-374],

similar findings from Dr. DeLeeuw after an August 2018 examination [id. at 831], and an October 2018 examination by psychologist Fabiola Del Aguila, Ph.D., who found that Plaintiff was cooperative, responsive, and attentive [id. at 815]. Id. at 24. Plaintiff does not address the evidence identified by the ALJ for any of the four criteria. ECF No. 16. The Court has reviewed the evidence identified by the ALJ and finds that there is substantial evidence supporting the ALJ's conclusion that Plaintiff's mental impairments were not severe. See Mar for Mar v. Saul, 838 Fed.Appx. 290, 291 (9th Cir. 2021) (Holding that substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (citation omitted)).

Instead of addressing the ALJ's findings, Plaintiff cherry-picks several statements made by Drs. DeLeeuw and Figueroa[1] and argues that the "ALJ did not explain [his conclusions] in a logical and rational manner." ECF No. 16 at 8-9. Notably, Plaintiff's brief does not identify any significant functional limitations identified by Plaintiff's medical providers or experienced by Plaintiff as a result of the alleged mental health issues. ECF No. 16. Contrary to Plaintiff's arguments, the ALJ considered the opinions and findings of Drs. DeLeeuw and Figueroa and provided reasons for discounting some of their statements and for finding no functional limitations. See AR at 24-31; ECF No. 17 at 6-9. With regard to Dr. DeLeeuw, the ALJ explained that the doctor reported numerous positive examinations and findings and the negative findings relied too heavily on Plaintiff's subjective complaints, were not consistent with her own treatment notes, and did not identify specific significant functional limitations. AR at 24-31, 586-89, 869-

---

[1] Plaintiff does not provide any analysis of the ALJ's specific findings and merely states:
> Dr. DeLeeuw assessed stress/anxiety contributing to migraine headaches; and a somatic symptom disorder, severe. AR 540. In April 2019, Dr. DeLeeuw discussed with Cruz might have a somatic condition given her high stress levels. AR 589. Dr. DeLeeuw treated Cruz with diazepam for severe anxiety. AR 587. Figueroa assessed the presence of recurrent depression. AR 343. Dr. Figueroa found depression as a reaction to physical condition; that Cruz had a sad mood and tearful affect, again diagnosing depression in reaction to physical condition. AR 337, 338, 342, and 543.

ECF No. 16 at 8-9.

70. Additionally, the ALJ noted that Dr. DeLeeuw opined that any symptoms Plaintiff was experiencing could be due to the stress she was feeling as a result of her son's methamphetamine use, as opposed to the result of any mental impairment. See AR at 589. Similarly, Plaintiff asserts that Dr. Figueroa "assessed the presence of recurrent depression" but she does not present any functional limitations identified by Dr. Figueroa. ECF No. 16 at 8-10. The ALJ noted that Dr. Figueroa found Plaintiff to be cooperative, responsive, alert, and attentive during mental status exams performed in March 2018, October 2018, and January 2019. AR 24, 538, 543, 552. Additionally, Dr. Figueroa's findings appear to be based entirely on Plaintiff's statements and, like Dr. DeLeew's findings, do not identify specific functional limitations. See AR at 538, 543, 552, 553; see also 20 C.F.R. § 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms."); Mark M. v. Berryhill, No. CV 17-7388-SP, 2019 WL 1406949, at *3 ("To establish a medically determinable impairment, it must be supported by objective medical evidence, not only the plaintiff's statements."); Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005).

Finally, the ALJ identified other reasons for discounting the statements of Drs. DeLeeuw and Figueroa and for finding that Plaintiff's mental impairments were not severe and that her mild mental limitations did not provide functional limitations that needed to be included in the RFC, including Plaintiff's conduct at the hearing, Plaintiff's activities of daily living, other medical records, and the opinions of other doctors. AR at 24-31. Plaintiff does not address any of these reasons. ECF No. 16. The Court has reviewed the evidence identified by the ALJ and finds that it provides substantial evidence in support of the ALJ's determinations.

For the reasons set forth above, there is substantial evidence supporting the ALJ's decisions that Plaintiff's mental impairments were not severe and that Plaintiff's mild mental limitations did not provide functional limitations that needed to be included in the RFC. Parks v. Astrue, 304 Fed.Appx. 503, 506 (9th Cir. 2008) (upholding ALJ's determination that plaintiff's impairments were not severe, despite some medical opinions from examining psychologist finding mild functional limitations, because the ALJ's determination was supported by substantial

1  evidence).  Even if there were facts supporting Plaintiff's arguments, the fact that there is
2  substantial evidence supporting the ALJ's decision means the ALJ did not err and the Court must
3  affirm the decision.  See Ahearn, 988 F.3d at 1115 (where the evidence can reasonably be
4  construed to support more than one rational interpretation, the court must uphold the ALJ's
5  decision).  Accordingly, the Court finds the ALJ did not err and that there is substantial evidence
6  supporting the decision.

**II.  Sensitivity to Light and Sound**

Plaintiff contends that her sensitivity to light and sound "constitute the consequences [of] frequent migraine headaches and stand for the same proposition as photophobia and phonophobia."  ECF No. 16 at 11.  Further, Plaintiff argues that the ALJ erred by failing to adequately address these symptoms as limiting factors in Plaintiff's ability to engage in her past work or other work.  Id. at 10-11.  Defendant responds that "[t]he ALJ had no obligation to explicitly discuss isolated incidences of photophobia, as Plaintiff herself did not assert photophobia-related limitations."  ECF No. 17 at 8.

A.  Relevant Law

"An ALJ is not required to discuss every piece of evidence presented, but must only explain why significant probative evidence has been rejected."  Barreras v. Saul, 803 Fed.Appx. 70, 73 (9th Cir. 2020) (citing Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984)); see also Robertson v. Comm'r of Soc. Sec., Case No. 2:18-CV-1172-DMC, 2019 WL 2026508 at *4 (E.D. Cal. May 8, 2019) (citation omitted) (An "ALJ may properly ignore[] evidence which [is] neither significant or probative."));  Uribe v. Berryhill, Case No. CV 16-3942 FFM, 2017 WL 5634101, at *7 (C.D. Cal. Nov. 22, 2017) (An ALJ may reject treating physicians' opinions where the physicians simply note plaintiff's complaint but fail to provide an objective basis or additional support in the doctors' own treatment records).  However, the ALJ's decision must be supported by substantial evidence and contain no legal errors.  Miner, 422 Fed.Appx. at 633.

B.  Analysis

Plaintiff's argument fails for multiple reasons.  As an initial matter, Plaintiff was asked about her headaches during her August 13, 2019 hearing with the ALJ and did not complain of

a sensitivity to light or sound. AR at 44-53. Rather, Plaintiff testified that when she has hemiplegic migraines, she has trouble walking and thinking and experiences "spinning, nausea, dizziness, feeling tired like extremely tired." Id. at 47. Plaintiff's counsel also did not raise a claim of light or sound sensitivity. Id. at 51. As a result, the ALJ addressed Plaintiff's claim of disabling migraines but did not explicitly discuss light or sound sensitivity. Id. at 26-31. Because Plaintiff did not raise the claim before either the ALJ or the Appeals Council, she has forfeited this argument. See Shaibi v. Berryhill, 883 F.3d 1102, 1109 (9th Cir. 2017); see also Vizcarra v. Saul, 833 Fed.Appx. 461, 462 (9th Cir. 2021) ("where claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." (citation and quotations omitted)).

Second, Plaintiff's failure to identify sensitivity to light and sound as a limiting factor is consistent with the record as it is only briefly documented in her medical record on four occasions. AR at 310, 339, 475, 543. On November 17, 2017, Dr. DeLeeuw noted Plaintiff reported "pain in her eyes and photosensitivity. Mild nausea noted as well, she has a [history] of migraines and these symptoms are in line with its usual presentation." Id. at 339. On February 21, 2018, Dr. William T. Chapman noted, in regard to Plaintiff's complaints of migraine headaches, that the pain is "associated with nausea, vomiting, phono and photophobia." Id. at 310. On April 28, 2018, Plaintiff advised Dr. Jennifer L. Jothen, D.O., of "severe headache, with nausea, photophobia, phonophobia." Id. at 475. On May 31, 2018, Dr. Fabiola Figueroa, Ph.D., noted that Plaintiff is "sensitive to hearing." Id. at 543. Because Plaintiff did not raise photo or phono sensitivity as a limiting issue, because the symptoms only are briefly mentioned in the medical records by doctors recording Plaintiff's statements, and because Plaintiff did not provide any evidence or argument that these symptoms limited her ability to work, the ALJ was not required to discuss Plaintiff's photo or phono sensitivity. Barreras, 803 Fed.Appx. at 73 ("An ALJ is not required to discuss every piece of evidence presented, but must only explain why significant probative evidence has been rejected."); Uribe, Case No. CV 16-3942 FFM, 2017 WL 5634101, at *7 (ALJ permitted to reject the opinions of two treating physicians regarding photosensitivity where the physicians simply note plaintiff's complaint of photosensitivity, but

fail to provide an objective basis or additional support in the doctors' own treatment records).

Third, the ALJ correctly considered Plaintiff's migraine headaches and there was substantial evidence supporting his conclusion. The ALJ found that Plaintiff's severe impairments included migraine headaches. AR at 23. The ALJ determined that Plaintiff's migraine headaches did not cause disabling symptoms or limitations. Id. at 27-31. To support his decision, the ALJ considered the medical records which included numerous normal findings [id. at 27-31, 288, 466, 600, 602, 604], the fact that Plaintiff "has not undergone the treatment one would find consistent with a condition of migraines of the severity alleged by [Plaintiff]" [id at 28], the opinions of Drs. DeLeeuw and Figueroa are inconsistent with their own treatment notes and are based on Plaintiff's subjective complaints [id. at 27-30, 373-74, 538, 543, 552-53, 576, 586-89, 869-70], and the records of other doctors [id. at 29-30, 54-65, 67-80, 288, 466, 448, 576, 600, 602, 604, 618, 640]. Finally, Plaintiff does not challenge the ALJ's decision regarding Plaintiff's migraines, only the failure to address Plaintiff's light and sound sensitivities. ECF No. 16 at 10-12.

For the reasons above, the ALJ did not err when he failed to address Plaintiff's sensitivity to light and sound.

## CONCLUSION

Based on the above, the Court **GRANTS** Defendant's cross-motion for summary judgment, **DENIES** Plaintiff's motion to reverse and remand, **AFFIRMS** the decision of the Commissioner, and **DISMISSES** this action with prejudice. The Clerk of the Court shall enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

Dated: 1/28/2022

Hon. Barbara L. Major
United States Magistrate Judge